IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.					No. 4:14CR00142 SWW

ANTHONY SHANE SCOTT

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of the April 14, 2016, guilty plea of Anthony Shane Scott ("Defendant"), Defendant shall forfeit to the United States, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the following property:

   A. One Cobra Enterprises, model CB9, 9-millimeter derringer, bearing serial number ACT023963;

   B. One Hi Point, model CF380, .380 caliber pistol, bearing serial number P781024;

   C. One Hi Point, model C9, 9-millimeter pistol, bearing serial number P1511715;

   D. One Bushmaster, model XM15-E2S, .223 caliber rifle, bearing serial number LBM23547;

   E. One Harrington and Richardson, model 700, .22 caliber rifle, bearing serial number AT508063;

   F. One Marlin, model 60, .22 caliber rifle, bearing serial number MM09380I;

   G. One Winchester, model 1200, 12 gauge shotgun, bearing serial number P292733;

  H. One Mossberg, model 500, 20 gauge shotgun, bearing serial number K293698;

  I. One Remington, model 1100, 12 gauge shotgun, bearing serial number N125187V;

  J. One Hi Point, model JHP45, .45 caliber pistol, bearing serial number X4213034;

  K. One Smith and Wesson, model 642, .38 caliber revolver, bearing serial number CNP8300, and

  L. Assorted ammunition.

(collectively "property subject to forfeiture").

 1. Upon the entry of this Order, the United States Attorney General or a designee (collectively "Attorney General") is authorized to seize the above-listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture. Fed. R. Crim. P. 32.2(b)(3). Further, the Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights.

 2. The United States shall publish, in such a manner as the Attorney General may direct, notice of this Order and the United States' intent to dispose of the property subject to forfeiture. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property subject to forfeiture.

 3. Any person, other than Defendant, asserting a legal interest in the property subject to forfeiture may petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property and for an amendment of this Order. *See* 21 U.S.C. § 853(n)(2); 28 U.S.C. § 2461(c). This petition must be filed within 30 days of the final publication of notice or receipt of notice, whichever is earlier. 21 U.S.C. § 853(n)(2).

4. This Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. Fed. R. Crim P. 32.2(b)(4)(A). If no third party files a timely claim, this Order shall become the Final Order of Forfeiture. Fed. R. Crim. P. 32.2(c)(2).

5. Any petition filed by a third party asserting an interest in the property subject to forfeiture shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property subject to forfeiture, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property subject to forfeiture, any additional facts supporting the petitioner's claim and the relief sought.

6. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the property subject to forfeiture following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary. *See* Fed. R. Crim. P. 32.2(e).

SO ORDERED this 6th day of May, 2016.

/s/Susan Webber Wright
United States District Judge