# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:14-CR-00142-01 SWW

ANTHONY SHANE SCOTT

## ORDER

Before the Court is Defendant's Motion for Compassionate Release (Doc. No. 87) and the United States' response in opposition (Doc. No. 88). After careful consideration, and for reasons that follow, the motion is DENIED.

## I.  BACKGROUND

On April 14, 2016, Defendant pled guilty to being a felon in possession of a firearm.[1] On October 12, 2016, he was sentenced to 110 months in prison.[2]

## II.  DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and

---

[1] Doc. Nos. 52, 53.

[2] Doc. Nos. 64, 68.

1

compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release form the warden, and that request was rejected on August 28, 2020. However, it does not appear that Defendant appealed the denial, which means he has not exhausted his administrative remedies. Accordingly, Plaintiff's motion is premature and this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied. In support of his motion, Defendant asserts has a history of spine and shoulder problems, which put him at a higher risk of suffering from COVID-19. First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which do set out examples.[5] Defendant's

---

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal

2

health conditions are not listed. Although Defendant has provided medical records, there is no evidence that his health conditions are severe enough to prevent him from independently functioning within the prison, and he provides neither argument nor evidence that his health conditions cannot be controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 44 years old, so he does not meet the minimum-age requirement under the under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

---

illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Defendant has four prior convictions. These include convictions for theft, robbery, battery, and felon in possession of a firearm. Notably, the battery and felon-in-possession convictions involve the same conduct as the instant offense. In fact, he was under supervision for a robbery conviction when he committed the instant offense.

On March 31, 2014, law enforcement responded to multiple burglar alarms at Defendant's house. Upon arrival they encountered Defendant who had blood on his hands, arms, and shirt and was sitting in a pickup truck with broken windows and bullet holes in the door. Defendant's wife reported that he shot at her as she attempted to leave the residence with their child. When officers searched the residence, they found ten firearms. After a second search on April 1, 2014, officers found another firearm near the gate where they first encountered Defendant.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 87) is DENIED.

IT IS SO ORDERED, this 19th day of October, 2020.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE