IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                        4:14-CR-00142-SWW

ANTHONY SHANE SCOTT

## ORDER

Before the Court is Defendant Anthony Shane Scott's motion to correct a clerical error (*Doc. 98*), seeking credit for time Mr. Scott spent in federal custody before he was sentenced in this case. The motion is denied without prejudice for failure to exhaust administrative remedies.

The Attorney General, through the Bureau of Prisons ("BOP"), is responsible for computing an inmate's jail time credit. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992). If an inmate disagrees with any aspect of the BOP's computation, the proper avenue for relief is administratively through the BOP, followed by judicial review under 28 U.S.C. § 2241. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

The BOP's administrative remedy program is a tiered process by which a federal prisoner may seek "review of an issue which relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to resolve the issue informally with institutional staff. *Id*. § 542.13(a). If an informal resolution fails or is waived, an inmate must submit a formal written administrative remedy request (BP–9) to the appropriate institutional staff member within twenty days of the date on which the basis for the request occurred. *Id*. § 542.14. If the inmate is not satisfied with the staff response,

he/she may appeal (BP–10) to the appropriate Regional Director within twenty days, and, if not satisfied with that response, the inmate may appeal (BP–11) the decision to the Office of General Counsel within thirty days. *Id*. § 542.15. An appeal to the General Counsel is the final step in administrative exhaustion. *Id*.

The Court has no role in the administrative process, and Mr. Scott must provide the BOP an opportunity to fully assess his claim regarding the computation of his sentence, without federal court intervention. Only after exhausting all available administrative remedies may Mr. Scott seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Tindall*, 455 F.3d at 888.

IT IS THEREFORE ORDERED that Defendant's motion to correct a clerical error (*Doc. No. 98*) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's related motions to supplement the record (*Doc. 101*), for compassionate release (*Doc. 103*), and for a status reports (*Docs. 102, 104*) are DENIED AS MOOT.

IT IS SO ORDERED this 18th day of April, 2023.

/s/Susan Webber Wright  
UNITED STATES DISTRICT JUDGE